DAVIS,- Circuit Judge,
concurring in the judgment:
We assigned appellate counsel in this case primarily to present argument on the question of whether the district court erred in rejecting Appellant’s assertion that the Warden’s summary imposition of a two-year suspension of visitation was consistent with one or more constitutional protections retained by state inmates. As the majority opinion illustrates, there is scant legal authority supporting the contention that the Warden’s discretion in this area is so constrained. Still, one is left uncomfortable with the outcome. I have never run a prison. I have no idea, beyond untutored instinct and speculation, whether imposition of such a sanction on an inmate serving a life sentence, such as Appellant, is genuinely consistent with legitimate and sensible penological “best practices” or whether, .instead, it worsens, rather than improves, the safety and security of the prison environment, through the generation of simmering resentments and increased friction between jailers and their charges. If the Warden can suspend Appellant’s visitation for two years merely on the say-so of a correctional officer, can he suspend it for three years? For four? *812 Forever? And if the answer to one of the latter queries is no, then where is the line?
To my untrained mind, a prolonged separation of an inmate from family, including perhaps children, or from whatever supportive community he has left behind outside the walls that wishes to maintain minimal contact while he pays his debt to society, raises a real potential for serious infringement on the residuum of constitutionally protected liberty one supposes inmates retain.[1] Surely, moreover, in the mine run of cases, visitation furthers whatever is left in the American criminal justice system that passes for attempts-at rehabilitation. According to information provided on their website, the officials who manage the South Carolina Department of Corrections appear to embrace this notion.[2] But see 18 U.S.C. § 3582(a) (“The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.”)^mphasis added).
That said, the reasoning of the majority appears unassailable on this record. . To be sure,- qualified immunity from a damages remedy to one side, the majority could permissibly interpret and construe Appellant’s hand-drawn, pro se complaint to have sought injunctive and declaratory relief (seeking, as it does, “such other and further relief’ as may be appropriate), and thereby avoid mooting the ease. See Federal Rule of Civil Procedure 54(c);[3] and see 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2664, at 183 (3d ed. 1998).[4] But there is no requirement that the court do so. In any event, I agree that, for now at least, decisions as to how best to act on suspicion of contraband delivery to inmates during visitation (in contrast to proof oí such delivery) remain South Carolina’s call, unfettered by constitutional proscriptions, at least in the absence of sanctions of a greater magnitude, litigated in a more timely fashion, than has occurred here. Accordingly, I concur in the judgment.

. Importantly, this case concerns the suspension of an inmate’s visitation, not the suspension of visitation for a particular visitor who violates prison rules.

. See South Carolina Department of Corrections, http://www.doc.sc.gov/family/visitation. ;'sp (last visited April 26, 2013)("Visitation is an important component of the rehabilitation process and is conducted in the least restrictive manner possible while meeting requirements of safety, security, classification, and space availability.").

. Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.
Fed.R.Civ.P. 54(c)(emphasis added).

."Rule 54(c) also has been utilized when the court awards a different type of relief from that demanded in the complaint. For example, with the merger of law and equity, specific or injunctive relief may be awarded even though damages were prayed for and vice-versa. By the same token, a party may be awarded declaratory relief, even though the party has not demanded it ...” (footnotes omitted).